**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **STRATAGENE CORPORATION,** <br> a Delaware Corporation, <br><br> *Plaintiff,* <br><br> v. <br><br> **THIRD WAVE TECHNOLOGIES, INC.** <br> a Delaware Corporation, <br><br> *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-275-SLR <br><br> JURY TRIAL DEMANDED |

**THIRD WAVE TECHNOLOGIES' ANSWER AND COUNTERCLAIMS**

Defendant Third Wave Technologies, Inc. ("Third Wave"), through counsel, answers and responds to the specific numbered paragraphs in the complaint filed by Stratagene Corporation ("Stratagene") as follows:

**Subject Matter Jurisdiction**

1. Third Wave admits Stratagene purports to state a claim for patent infringement under Title 35, United States Code over which this Court would have subject matter jurisdiction. Third Wave denies each and every other allegation of Paragraph 1.

**The Parties**

2. Admitted.

3. Admitted.

**Venue and Personal Jurisdiction**

4. Admitted.

**The Patents-in-Suit**

5.      Third Wave admits that United States Patent No. 6,528,254 ("the '254 Patent"), entitled METHODS FOR DETECTION OF A TARGET NUCLEIC ACID SEQUENCE, states on its face that it issued to Joseph A. Sorge on March 4, 2003, and that a document which purports to be a copy of that patent is attached as Exhibit A to the complaint.  Third Wave lacks information sufficient to form a belief concerning the truth of the remaining allegations of Paragraph 5 and thus denies those allegations.

6.      Third Wave admits that United States Patent No. 6,548,250 ("the '250 Patent"), entitled METHODS FOR DETECTION OF A TARGET NUCLEIC ACID SEQUENCE, states on its face that it issued to Joseph A. Sorge on April 15, 2003, and that a document which purports to be a copy of said patent is attached as Exhibit B to the complaint.  Third Wave lacks information sufficient to form a belief concerning the truth of the remaining allegations of Paragraph 6 and thus denies those allegations.

**Allegations of Direct Infringement**
**(35 U.S.C. § 271(a))**

7.      Denied.

8.      Denied.

**Allegations of Indirect Infringement**
**(35 U.S.C. § 271(b))**

9.      Denied.

10.     Denied.

**DEFENDANT THIRD WAVE'S AFFIRMATIVE DEFENSES**

Third Wave alleges and asserts the following affirmative defenses in response to Stratagene's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Third Wave reserves the right to assert additional defenses if their existence is established through discovery or investigation.

**First Affirmative Defense**

Third Wave has not infringed any claim of the '254 Patent or the '250 Patent, either directly, indirectly, literally or under the doctrine of equivalents.

**Second Affirmative Defense**

The '254 Patent and the '250 Patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.*, including without limitation 35 U.S.C. §§ 102, 103, and 112.

**Third Affirmative Defense**

Because of the proceedings in the United States Patent & Trademark Office during prosecution of the patent applications that resulted in the '254 and '250 patents, Stratagene is estopped from asserting a scope of the claims of either Patent that would cause any claim to read on any product or method made, used, sold, or offered for sale by Third Wave, and is also estopped from asserting the doctrine of equivalents.

**Fourth Affirmative Defense**

Third Wave's activities do not constitute acts of infringement pursuant to 28 U.S.C. § 271(e)(1).

## COUNTERCLAIMS

For its counterclaims against plaintiff/counterclaim defendant Stratagene, defendant/counterclaim plaintiff Third Wave alleges as follows:

### PARTIES

1.  Third Wave is incorporated under the laws of the State of Delaware and has its principal place of business at 502 South Rosa Road, Madison, Wisconsin 53719.

2.  Stratagene is incorporated under the laws of the State of Delaware and has its principal place of business at 11011 North Torrey Pines Road, La Jolla, California 92037.

### JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 2201, and 35 U.S.C. § 282.

4.  Venue is proper in this forum pursuant to 28 U.S.C. §§ 1391(b) and (c), 1400(b), and the applicable law of this Court. Venue is proper in the District of Delaware given, *inter alia*, Stratagene's corporate domicile, the fact that it has engaged in commerce within this jurisdiction, it has sought the benefits of this forum in this litigation, and it continues to have substantial contacts with this forum.

### CASE OR CONTROVERSY

5.  An immediate, real, and justiciable controversy exists between Third Wave and Stratagene, pertaining to the patents-in-suit, each of which has been asserted against Third Wave by Stratagene.

### FACTS

6.  Stratagene purports to be the assignee of the '254 patent, which states on its face that it issued to Joseph A. Sorge on March 4, 2003 and which is entitled "METHODS FOR

DETECTION OF A TARGET NUCLEIC ACID". A copy of the '254 patent is attached to the Counterclaims as Exhibit A.

7. Stratagene purports to be the assignee of the '250 patent", which states on its face that it issued to Joseph A. Sorge on April 15, 2003 and which is entitled "METHODS FOR DETECTION OF A TARGET NUCLEIC ACID." A copy of the '250 patent is attached to the Counterclaims as Exhibit B.

8. Stratagene has alleged that Third Wave's Invader® products infringe one or more claims of the '254 and '250 patents, which Third Wave denies. Further, the '250 and '254 patents are invalid and/or unenforceable.

**FIRST COUNTERCLAIM**
(Declaratory Judgment of Noninfringement and Invalidity of the '254 Patent)

9. Third Wave repeats and realleges the foregoing allegations as though fully set forth herein.

10. Third Wave is not infringing, and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '254 patent, either literally or under the doctrine of equivalents.

11. The '254 Patent and the '250 Patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.*, including without limitation 35 U.S.C. §§ 102, 103, and 112.

**SECOND COUNTERCLAIM**
(Declaratory Judgment of Noninfringement and Invalidity of the '250 Patent)

12. Third Wave repeats and realleges the foregoing allegations as though fully set forth herein.

13. Third Wave is not infringing, and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '250 patent, either literally or under the doctrine of equivalents.

14. The '254 Patent and the '250 Patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.*, including without limitation 35 U.S.C. §§ 102, 103, and 112.

## **REQUEST FOR RELIEF**

Wherefore, Third Wave prays for judgment in its favor and against Stratagene as follows:

1. Denying all the relief sought by Stratagene in its Complaint;

2. Dismissing with prejudice Stratagene's Complaint and all claims asserted therein against Third Wave;

3. Holding this case to be exceptional and awarding Third Wave its attorneys' fees under 35 U.S.C. § 285;

4. Declaring that Third Wave has not infringed, contributed to the infringement of, induced the infringement of, and is not presently infringing, any claims of the '254 patent;

5. Declaring that Third Wave has not infringed, contributed to the infringement of, induced the infringement of, and is not presently infringing, any claims of the '250 patent;

6. Declaring that the claims of the '254 patent are invalid;

7. Declaring that the claims of the '250 patent are invalid;

8. Awarding Third Wave its costs pursuant to Fed. R. Civ. P.54(d); and

9. Granting any other relief this Court may deem appropriate under the circumstances.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury for all issues so triable.

DATED: September 21, 2005

By: __/s/ Richard K. Herrmann___
Richard K. Herrmann #405
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
rherrmann@morrisjames.com

Of Counsel
Mark A. Pals, P.C.
Thomas G. Pasternak
Cindy S. Ahn
Erick S. Ottoson
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

ATTORNEYS FOR DEFENDANT
THIRD WAVE TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2005, I electronically filed the foregoing document, **THIRD WAVE TECHNOLOGIES' ANSWER AND COUNTERCLAIMS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000

Additionally, I hereby certify that on the 21st day of September, 2005, the foregoing document was served via email and federal express on the following non-registered participants:

Marc R. Labgold
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia 22102
(703) 744-8000

Dated: September 21, 2005                    */s/ Richard K. Herrmann*
                                             Richard K. Herrmann #405
                                             MORRIS, JAMES, HITCHENS &
                                                WILLIAMS LLP
                                             222 Delaware Avenue, 10th Floor
                                             Wilmington, DE 19801
                                             Telephone: (302) 888-6800
                                             Facsimile: (302) 571-1750
                                             rherrmann@morrisjames.com